09—10860

## Defendants' involvement in predicate acts:

106.   Plaintiff owned the real property commonly known as 53665 Idyll brook Dr., Idyllwild, California, 92549, Tax Parcel No. 561220029-7 (hereinafter referred to as "Plaintiff's home" and lived there as his *primary* residence. (Title to Plaintiff's home was transfer to the Protzmann Trust in June 2006) .

107.   Plaintiff was acquainted with Defendant Downey and met him in the spring of 2006 and he represented that he was a very experienced mortgage broker.

108.   Shortly thereafter, Plaintiff entered into a bu*siness* relationship with Downey and others in 2006 and formed a company known as the "Connection" which did not move past the planning stage.

109.   When *Plaint*iff needed refinancing of his home, *Downey* assured Plaintiff that he was well qualified as a mortgage broker and that Plaintiff could rely on him and Historical Finance to take care of eve*rything* a get Plaintiff a loan and equity line of credit.

110.   Plain*tiff in*formed Historical Finance that he n*eeded* to have Plaintiff's home refinanced quickly to void a potential bankruptcy and necessary financial reorganization due to a lengthy divorce proceed*ing*, *i*ncluding an unreasonable and excessive Temporary Support Order in place from November 2006 for which he was in contempt of court and subject to possible arrest and imprisonment.

111. Downe*y, mor*tgage broker and agent of Historical *Fina*nce represented to Plaintiff that the loan process from application to funding would take 30 days or less and Plaintiff agreed to secure the financ*ing mor*tgage services of Historical Finance if the refinancing could take place within a

month or less. Downey assured Plaintiff that "I would have no trouble qualifying."

112.   As a *result*, early in February 2007, Plaintiff *applied* for a mortgage through Historical Finance to refinance an existing first trust deed and home equity line of credit on Plaintiff's home, both of *which* were held at that time by Countrywide Home Loans. (hereinafter "Countrywide").

113.   Plain*tiff* continued to pay the mortgage to Coun*trywid*e reasonably expecting a prompt closing and funding of the refinance with Historical Finance based on its representations of the month turn around *for funding* of the new financing to mitigate his financial crisis.

114.   On or *about* March 1, 2007, Plaintiff received r*efinance* escrow instructions from Lawyers Title from its escrow officer and agent Defendant Hogan by mail.  Plaintiff reviewed, executed and returned th*em as* requested, in the provided self-addressed stamped envelope. (Copies of these instructions are included with Borrower Copy of loan documents.

115.   On or about March 31, 2007, Plaintiff became aware *th*at Plaintiff's online internet-based banking dashboard with Wells Fargo Bank (the bank at which his personal and business banking accounts were held*)*, displayed a new deposit account with a large balance. The account number for this new Wells Fargo Bank account was 986-5719893.

116.   Plaintiff did not execute any document to approve or give authority to open a new deposit account with Wells Fargo Bank.

117.   On or *about* April 3, 2007, Plaintiff received a "loan commitment" letter from Washington Mutual listing 23 conditions upon which the loan would be approved.

118..   On or about April 3, 2007, Plaintiff also faxed additional information to Defendant Downey at Historical Finance (care of Stacey Eagle)

including: a) Trust Transfer Deed dated June 2 2006 evidencing Plaintiff's sole ownership of Plaintiff's home; b) homeowner's insurance policy from Allstate for Plaintiff's home May 13, 2006 to May 13, 2007; c) utility bill from Southern California Edison for utilities provided to Plaintiff's home February 20, 2007 through March 21, 2007; and d) Family Law Summons in PROTZMANN v. PROTZMANN, Case No. 06D000150, dated January 9, 2007.

119. On or about April 4, 2007, Plaintiff received a faxed/wired "request for verification of deposit" from Defendant Historical Finance with handwritten instructions to Plaintiff to "take this to your bank and fill it out." The Wells Fargo account number listed on the request for verification of deposit was #7553065207, and the balance listed was $11,000.

120. Defendant Wells Fargo Bank mailed statements for this account for January 3, 2007 through March 1, 2007, the period during in which Plaintiff's loan application was made, have no instance of a balance over $7,200, and Plaintiff stopped all activity and made no deposits on Wells Fargo Bank account #7553065207 from about March 1 2007 due to proceedings in the divorce court.

121. Plaintiff had not deposited additional money in his Wells Fargo account #7553065207 and had not authorized anyone to deposit funds in Plaintiff's Wells Fargo account #7553065207.

122. Plaintiff questioned Defendants Historical Finance as to its instructions to obtain a verification of deposit regarding Plaintiff's personal account #7553065207 with Defendant Wells Fargo Bank in the amount of $11,000, when the balance was not accurate and was not Plaintiff's deposit and was told by Defendants Historical Finance: "not to worry about it."

123. On April 5, 2007, Plaintiff received a faxed/wired Good Faith Estimate of Closing Costs from Defendants Historical Finance.

124. In addition, on April 5, 2007, Plaintiff faxed Historical Finance a statement from Plaintiff's Certified Public Accountant, Hugh Christensen, and two letters from Countrywide regarding charges for late mortgage payments for the months of December 2006 and February 2007.

125. On April 30, 2007, Plaintiff faxed Historical Finance a certification of trust as requested by Defendant Washington Mutual per the loan commitment letter, item #3, William L Protzmann Trust, u/d/t June 1 2006.

126. On May 10, 2007, Plaintiff signed loan documents that had been mailed to him in Mission Viejo California at Starbucks at La Paz and hwy 405 with a licensed notary present.

127. The new loans – 1st Trust Deed and Home Equity Line of Credit with Defendant Washington Mutual – were finally funded on May 14, 2007.

128. A Final Settlement Statement was mailed to Plaintiff from Historical Finance shortly thereafter.

129. By the time the refinance closed and was funded on May 14, 2007, Plaintiff had incurred a 30-day and a 60-day late fee charge and additional interest on the Countrywide first trust deed on Plaintiff's home and a 30-day late on the home equity line.

130. The loan documents were executed 34 days from receipt of the Good Faith Estimate in the mail, 36 days from receipt of Loan Commitment, and, to be conservative, more than 80 days after the Plaintiff's loan application with Historical Finance.

131. On or about June 11, 2007, Plaintiff e-mailed Historical Finance questioning the continued unauthorized appearance of Wells Fargo

Bank account # 986-5719893 and Social Security Number on Plaintiff's online banking dashboard (24. In response, Plaintiff received e-mail from Historical Finance on June 12, 2007, explaining and stating that Wells Fargo Bank account # 986-5719893 had "verifications of deposit on it" that "must be maintained until June 30[th] when we can dissolve the account"

132. On or about June 18, 2007, Plaintiff again e-mailed Historical Finance questioning the continued unauthorized appearance of Wells Fargo Bank account # 986-5719893 on Plaintiff's online banking dashboard Historical Finance stated in response to Plaintiff's June 18, 2007 inquiry, that "it is not fraud to show an account that you have no value in" and that to take Plaintiff's Social Security number "off the account we have to close it, there is no other way"

133. On June 22 2007, $46,000 was allegedly transferred by wire from the unexplained Wells Fargo Bank account # 986-5719893 to Plaintiff's personal account with Defendant Wells Fargo Bank, account # 7553065207. Plaintiff became aware of the June 22, 2007 transfer of funds when Defendant Downey telephoned Plaintiff on or about June 22, 2007 accusing him of "stealing" the money from Wells Fargo Bank account # 986-5719893 in the amount of $46,000. Defendant Wells Fargo Bank was unable to explain the wire transfer, other than to state that it took place "online".

134. On or about June 22, 2007 Defendant Historical Finance froze Plaintiff's personal checking account with Wells Fargo Bank, account # 7553065207 and informed Plaintiff that the account was "frozen" pending return of the "stolen" funds by Plaintiff to the unexplained Wells Fargo account # 986-5719893.

135. On June 27, 2007, the three individuals (Plaintiff, Alex Ryan Yamamura, and Diane Harris) whose Social Security numbers also appeared on

1  the unexplained Defendant Wells Fargo account # 986-5719893 were

2  summoned by wire/phone to Defendant Wells Fargo Bank branch in Santa Ana,

3  California. Defendant Wells Fargo Bank employee and agent Maricela Santana

4  (hereinafter "Santana"), Personal Banker, on behalf of Defendant Wells Fargo

5  Bank took the following actions:  1) released the hold on Plaintiff's personal

6  Wells Fargo Bank account # 7553065207; 2) instructed Plaintiff to withdraw

7  $46,000 from Plaintiff's personal account # 7553065207 and transfer the funds

8  to a cashier check payable to Defendant Downey personally; 3) instructed

9  Plaintiff, Yamamura, and Harris to sign original signature cards for Wells Fargo

10  Bank account # 986-5719893; 4) closed Wells Fargo Bank account # 986-

11  5719893 and created a cashier's check payable to Defendant Downey personally

12  for all remaining funds in the account.

13    136.  Plaintiff understood that if he did not comply with the request

14  and instructions of Downey and Wells Fargo Bank he would be charged with

15  theft.

16    137.  Defendant Wells Fargo Bank indicated that the two cashier's

17  checks would be hand-carried by Yamamura to Defendant Downey and did not

18  explain how $46,000 was in Plaintiff's personal account or why Defendant

19  Downey was personally receiving the funds.  Ms Santana carried out these

20  transactions expeditiously, in a professional manner, and would not tell Plaintiff

21  what was going on or answer any questions beyond those necessary to complete

22  the required business.

23    138.  On July 17, 2007, Plaintiff filed for bankruptcy protection

24  under Chapter 7 of the US Code, Case # 8:07-bk-12147-ES.  Defendant

25  Washington Mutual was granted relief from automatic stay on October 30, 2007.

26    139.  Around that time, Plaintiff had been made aware of potential

27  fraud and other wrongful acts in relation to a mortgage funded by Defendant

28

Washington Mutual and negotiated by Defendants Downey and Historical to Yamamura, and, after consultation with Richard Heston (Plaintiff's bankruptcy attorney) and Paula Rush (a mortgage fraud advocate), Plaintiff's bankruptcy was amended to exclude the Washington Mutual 1st Trust Deed and Home Equity Line of Credit. The description included in this amendment reads: "Disputed claim against mortgage broker Pat Downey of Historical Real Estate and Finance and Washington Mutual Bank based on alleged fraudulent misrepresentations and mortgage brokering and lending practices in connection with consumer mortgage loans."

140.  Plaintiff's bankruptcy was discharged on November 13, 2007.

141.  On January 28, 2008, a Notice of Default against Plaintiff was recorded in Riverside County, California against Plaintiff's home by Defendant Washington Mutual.

142.  Plaintiff believes that Defendants Wells Fargo and Washington Mutual have business policies in the years 2006 and 2007 relating to obtaining and providing loans to the public which encouraged and fostered fraudulent misrepresentation of material facts relating to assets, worth and income of borrower's including valuation of collateral as well a non-disclosure of material terms and conditions of agreements relating to refinancing and equity lines, all to the damage of Plaintiff.  These policies were implemented by mail and wire.

143.  Plaintiff believes that Defendant Historical and Downey are currently under investigation for fraud and that Defendant Downey has a previous record of being charged with mortgage fraud.

**Circumstances Involving Mail And Wire Fraud.**

144.  This factual information is provided above.  In addition, the escrow instructions, statements and refinanced loan package were mailed to Plaintiff and involved many phone conversations in 2007 with Defendants.

**Defendants' Predicate Acts Form A**

**Pattern Of Racketeering Activity**

145.  The RICO Act defines a pattern as "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years after the commission of a prior act of racketeering activity." There are multiple wire, mail and bank fraud in this case within 2007, which provides a pattern of racketeering activity.  In addition, under *H.J. Inc v. Northwestern Bell Tele. Co.*, 409 U.S.299 (1989), the standard for "pattern of racketeering activity is also met as the factors of "continuity" plus "relationship" combine to form a pattern, as the predicate acts lasted for Plaintiff for a substantial period of time and the predatory lending practices of Defendants have been going on for years, but are just recently realized by the housing market and investigative bodies of the government.

146.  Each of the predicate acts relates to each other a part of a common plan.  As noted above in 5, the use of mail, wire, bank fraud, including, but not limited to, misrepresentations relating to Plaintiff's income, assets and bank deposits, as well as threats of criminal conduct relating to a bank account falsely set up by Defendants, all relate to a common RICO plan and pattern relating to predatory and oppressive lending practices to the benefit of Defendants and damage to Plaintiff and to the public and economy at large.

**Alleged "Enterprise" for Each RICO Claim.**

147. Defendant Historical Finance is a corporation engaged in the legitimate business of mortgage brokering, real estate and finance. Defendant Clark is the owner and operator of Historical Finance and Defendant Downey is an unlicensed broker and agent of Historical Finance.

148. Defendant Lawyers Title is an enterprise engaged in the legitimate business of title insurance and escrow services. Defendant Hogan is an escrow officer and agent of Lawyers Title.

149. Defendant Wells Fargo is a banking enterprise and engaging in legitimate banking and banking services. Wells Fargo Bank is a federally chartered savings and loan association organized and operating under the Home Owners' Loan Act, 12 U.S.A. 1464(a) (HOLA).

150. The above enterprises conduct lawful activity unrelated to the pattern of racketeering activity and are separate from the pattern of racketeering.

151. Defendants Downey, Clark and Hogan are not the liable enterprise but are the alleged perpetrators and or co-conspirators of the alleged racketeering activities.

152. Plaintiff alleges that Defendants' pattern of racketeering activity was done by and through these enterprises, but was distinct from the enterprises legitimate business.

153. The pattern of racketeering activity alleged by Plaintiff is completely distinct from the usual activities of the enterprises. The enterprises serve proper and legal purposes. The enterprises were simply the vehicles through Defendants committed their pattern of racketeering activity.

34

154. Due to the pattern of racketeering, Defendants caused hundreds of consumers to obtain loans, refinancing and equity lines of credit, among other types of financing, which they could not afford which resulted in additional income, commissions, kick-backs, financing interest, potential foreclosures and collection of deficiency judgments in foreclosure, unjust enrichment, among other benefits.

155. The racketeering activities alleged by Plaintiff interfered and affected interstate commerce in particular banking and mortgage business and a substantial part of the economy of California and the United States which relies on the housing industry and the value of land and truthful loan servicing. In addition, the fraud and predatory lending activities have devalued land and other entities (pensions, funds), which have purchased loan packages, have had substantial losses. The loses in the bank and mortgage lending have affected the entire economy of the United States, caused many large mortgage firms to sell (Countrywide) or go out of business and played a role in the devaluation of the U.S. dollar.

156. Historical Finance is a corporation and Defendant Clark owns Historical Finance and Defendant Downey is an employee or broker agent of Historical Finance. The liable persons and the liable enterprise are distinct in this case pursuant to 18 U.S.C. §1962(c).

157. Defendant Hogan is an employee and or agent of Lawyers Title and the liable persons and the liable enterprise are distinct in this case under 18 U.S.C. §1962, as is Wells Fargo Bank.

### Violation of 18 U.S.C. §1962(d)

158.  As the fraudulent scheme involved obtaining mortgages and or loan for victims that they may not have received otherwise or by incurring additional fees, costs and charges, the scheme depended on several entities and their employees who participate in the process of obtaining financing to conspire and be in on the scheme for it to be successful.  Defendant Washington Mutual had policies and encouraged lending institutions to provide documents and information for loans that did not support the loan or risk undertaken by the borrower, including Plaintiff. The entire scheme necessary involved the all the professionals to servicing a loan, the broker, mortgagor, lender, escrow holder and banks to participate in the scheme.

159.  For example, for Defendant Downey to utilize his own funds for fraudulent deposits that would not be registered with the Bank and accounts set up without authorization or records, a conspiracy was necessary with Wells Fargo Bank and persons who worked there, in addition, the escrow officer was also a part of the conspiracy and accepted questionable and fraudulent verification of deposits from Wells Fargo Bank to satisfy the lenders' loan requirements.  Further, the co-conspirators worked in concert to make Plaintiff feel like he had committed a crime regarding transfers in Wells Fargo Bank accounts and to not question the banking irregularities concerning his prospective loan.

160.  Then the whole loan transaction is submitted to Washington Mutual, who takes its share of the benefit and passes on the risk by selling the "paper" to an unsuspecting mortgagee house or fund.

161.  Plaintiff has been injured and damaged in his property as a result of the fraud scheme relating to Plaintiff's mortgage and equity line of

36

credit.  Plaintiff sought recession of the mortgage and refinancing which was denied by Washington Mutual.  As a result, Plaintiff had to file for bankruptcy relief, was threatened with foreclosure on Plaintiff's home and has sustained loss of credit and other damages as will be established at trial.  In addition, Plaintiff was suffered humiliation, emotional distress and been defamed by the crime allegations of Downey and Wells Fargo Bank and its employees.

162.  The alleged pattern of racketeering activity by the enterprises and their agents are the sole and proximate cause of Plaintiff's alleged emotional distress, resulting financial loss and hardship (including potential foreclosure and loss of his home), loss of personal reputation.

163.  Plaintiff has sustained special, compensatory, consequential and general damages.  Plaintiff is also entitled to treble statutory damages and punitive damages. Defendants as co-conspirators are jointly and severally liable for Plaintiff's damages, the amount and allocation of these damages are uncertain at this time pending further discovery.

### COUNT III

(RICO Civil Conspiracy, 18 U.S.C. §1962(d), as amended)

(Against All Defendants)

164.  Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 163 as though fully alleged herein.

165.  As the fraudulent scheme involved obtaining mortgages and or loan for victims that they may not have received otherwise or by incurring additional fees, costs and charges, the scheme depended on several entities and their employees who participate in the process of obtaining financing to conspire and be in on the scheme for it to be successful. Defendant Washington

Mutual had policies and encouraged lending institutions to provide documents and information for loans, which did not support the loan or risk undertaken by the borrower, including Plaintiff. The entire scheme necessary involved the all the professionals to servicing a loan, the broker, mortgagor, lender, escrow holder and banks to participate in the scheme.

166.    For example, for Defendant Downey to utilize his own funds for fraudulent deposits that would not be registered with the Bank and accounts set up without authorization or records, a conspiracy was necessary with Wells Fargo Bank and persons who worked there, in addition, the escrow officer was also a part of the conspiracy and accepted questionable and fraudulent verification of deposits from Wells Fargo Bank to satisfy the lenders' loan requirements. Further, the co-conspirators worked in concert to make Plaintiff feel like he had committed a crime regarding transfers in Wells Fargo Bank accounts and to not question the banking irregularities concerning his prospective loan.

167.    Then the whole loan transaction is submitted to Washington Mutual, who takes its share of the benefit and passes on the risk by selling the "paper" to an unsuspecting mortgagee house or fund.

168.    Plaintiff has been injured and damaged in his property as a result of the fraud scheme relating to Plaintiff's mortgage and equity line of credit. Plaintiff sought recession of the mortgage and refinancing which was denied by Washington Mutual. As a result, Plaintiff had to file for bankruptcy relief, was threatened with foreclosure on Plaintiff's home and has sustained loss of credit and other damages as will be established at trial. In addition, Plaintiff was suffered humiliation, emotional distress and been defamed by the crime allegations of Downey and Wells Fargo Bank and its employees.

169. As discovery has not commenced, Plaintiff believes that additional evidence of misconduct supporting Plaintiff's RICO claims against Defendants will be discovered, including Defendants scheme to fraudulently coerced and oppress Plaintiff, as well as other damage Plaintiff has sustained due to material non-disclosures in the obtaining, providing and serving of the refinancing of his home and his equity line of credit.

170. The alleged pattern of racketeering activity by the enterprises and their agents are the sole and proximate cause of Plaintiff's alleged emotional distress, resulting financial loss and hardship (including potential foreclosure and loss of his home), loss of personal reputation.

171. As discovery has not commenced, Plaintiff believes that additional evidence of misconduct supporting Plaintiff's RICO claims against Defendants will be discovered, as well as additional damage to Plaintiff due to material non-disclosures in the obtaining, providing and serving of the refinancing of his home and his equity line of credit.

172. Plaintiff has sustained special, compensatory, consequential and general damages. Plaintiff is also entitled to treble statutory damages and punitive damages. Defendants as co-conspirators are jointly and severally liable for Plaintiff's damages, the amount and allocation of these damages are uncertain at this time pending further discovery.

173. Defendant, and each of them, by and through its officers, managers, agents, representative, agents and employees, conspired to violate the provisions of RICO, as amended, 18 U.S.C. §1962(a), (b), or (c).

174. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff is entitled to compensatory damages, treble damages,

reasonable attorney's fees, and costs of suit in an amount to be determined at a trial or hearing hereof.

## COUNT IV

(RESPA Violation Under 12 U.S.C. §1265 and

Unfair and Deceptive Trade Practices in Violation of 15 U.S.C. §45 (a)(1))

(Against Defendant Washington Mutual)

175.   Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 though 174 as though fully alleged herein.

176.   On January 8, 2008, Plaintiff sent a "qualified written request under the Real Estate Settlement Procedures Act, 12 U.S.C Section 2605(e)" for mortgage rescission and production of Plaintiff's complete mortgage file to Defendant Washington Mutual via certified mail return receipt to four known addresses for Defendant Washington Mutual.

177.   Defendant Washington Mutual did not acknowledge receipt of RESPA letter within the 20 time period for responses nor the 60 time frame set for investigation, explanation and response and production of requested documents related to the mortgage and equity line transaction time in violation of 12 U.S.C. 2605(e) 1(A) and 2605 (e) 2 (A)-(C) and thus, Plaintiff is entitled to damages in accordance with 12 U.S.C. 2605(f).

178.   In addition, Defendant Washington Mutual's non-compliance with 12 U.S.C. 2605 et seq. involves a transaction relating to commerce and is an unfair and deceptive trade practice.

## COUNT V

### Bad-Faith

### Breach of Implied Covenant of Good Faith

(Defendant Washington Mutual)

179.   Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 though 178 as though fully alleged herein.

180.   On or about Plaintiff entered into a mortgage and equity line of credit agreement with Defendant Washington Mutual that included an implied covenant of good faith by which each party was to perform their duties under the agreements and in accordance with the law.

181.   Defendant Washington Mutual intentionally and in bad faith refused to comply with the legal requirements of 12 U.S.C. 1205 *et seq.* to the detriment and damage of Plaintiff, including but not limited to payments, fees and interest incurred under the mortgage and equity line of credit agreements, which amounts will be established at trial or hearing herein.

## COUNT VI

(Fraud and Misrepresentation)

(Defendants Historical Financial and, Downey)

182.   Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 though 181 as though fully alleged herein.

183.   Defendants wrongful actions included the following material misrepresentations/ non-disclosures that were reasonably relied on by Plaintiff:

a)   Defendant Downey is a qualified broker, when he was not licensed;

b)   The unauthorized bank account with Wells Fargo Bank, with Plaintiff's name, Social Security Number and $46,000 to support Plaintiff obtaining a loan and representing that it was not a fraud.

c)   Defendants Historical Finance and or Defendant Downey's failure to disclosure that Defendant Downey was funding the unauthorized bank account in Plaintiff's and others names with Wells Fargo Bank in the amount of $46,000 in relation to Plaintiff's mortgage transaction.

d)   Defendant Downey failing to disclosure that he put approximately $8,000 in Plaintiff's personal bank account at Wells Fargo Bank #7553065207.

e)   Defendant Downey requiring Plaintiff to obtain a false verification of deposit for Wells Fargo account #7553065207, but the deposit never showing on Plaintiff's bank statement.

184.   Plaintiff reasonably relied on Defendant Downey's intentional and malicious representations and or non-disclosures which were the proximate cause of Plaintiff's detriment and damages, as will be proven at trial herein, including Plaintiff's entitlement to an award of punitive damages.

## COUNT VII

(Respondeat Superior and Vicarious Liability)

(Defendant Historical Finance and Clark)

185.   Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 though 184 as though fully alleged herein.

42

186.    Defendant Downey was the agent of Defendant Historical Finance and Defendant Clark at all time relevant herein, and thus, they are responsible for Defendant Downey's negligent and intentional conduct in the scope of his brokerage services provided to Plaintiff.

187.    In addition, Defendants Historical Finance and Clark were negligent and or grossly negligent in the hiring and supervision of Defendant Downey all to the detriment and harm and damage of Plaintiff as will be established at the trial herein.

## COUNT VIII

(Fraud and Misrepresentation)

(All Defendants )

188.    Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 though 187 as though fully alleged herein.

189.    Defendants Historical Finance, Lawyers Title and Wells Fargo knew, conspired and participated in the following intentional and malicious material misrepresentations/ non-disclosures and fraud relating to Plaintiff's mortgage, equity line of credit, escrow and accounts with Wells Fargo Bank:

a)  The unauthorized bank account with Wells Fargo Bank, with Plaintiff's name, Social Security Number and $46,000 deposited by Downey to support a false verification of deposit.

b)  Defendant Downey's deposit of approximately $8,000 in Plaintiff personal bank account at Wells Fargo Bank #7553065207 to support a false verification of deposit.

43

c) Wells Fargo Bank never showing the deposit by Defendant Downey into Plaintiff's personal account #7553065207 on his Wells Fargo Bank statement.

d) Defendants Historical Finance, Lawyers Title and Wells Fargo not determining if Defendant Downey was a licensed mortgage broker and or not disclosing to Plaintiff that Defendant Downey was an unlicensed mortgage broker.

190.   Due to Defendants' fraudulent representations and non-disclosures, Defendants Historical Finance, Lawyers Title and Wells Fargo are liable for Plaintiff's resulting damages, as will be proven at trial herein, including punitive damages.

## COUNT IX

(Respondeat Superior and Vicarious Liability)

(Defendants Lawyers Title, Wells Fargo and Washington Mutual)

191.   Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 though 190 as though fully alleged herein.

192.   Defendants Lawyers Title and Wells Fargo are responsible for their employees and agents negligent and intentional acts and omissions in the scope of their escrow and banking services, respectively, provided to Plaintiff and Plaintiff's resulting damages, including, punitive damages for wonton oppressive and willful conduct.

## COUNT X

(Breach of Fiduciary Duties)

(Against All Defendants)

44

193.   Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 though 192 as though fully alleged herein.

194.   Defendants Historical Finance, Defendants Lawyers Title, Defendant Wells Fargo and Washington Mutual were retained by Plaintiff for their professional experience, knowledge and skills in their respective professional fields, including brokerage, escrow, mortgage and lending services. In addition, Defendant Downey was a business partner of Plaintiff.

195.   Defendants as Plaintiff's agents held a position of trust and confidence to Plaintiff in relation to Plaintiff's brokerage, mortgage and refinancing needs, Plaintiff relying on the Defendants superior knowledge and ability in their respective fields.  Thus, Defendants held a fiduciary position to Plaintiff relating to the mortgage and refinancing transaction alleged herein.

196.   The wrongful acts and or omissions noted in the claims above were a breach of Defendants' fiduciary duties to Plaintiff, including but not limited to, full and fair disclosure, loyalty, looking out for Plaintiff's best interest.  Defendants' are liable to Plaintiff for their breach of fiduciary duties.

197.             As a result of Defendants' breach of fiduciary duties to Plaintiff, Plaintiff suffered proximate injury and damages as will be established at trial.

198.   Defendant Lawyers Title also has a fiduciary duty to Plaintiff to: a)  comply strictly with the parties' written instructions; b).   exercise reasonable skill and diligence in carrying out the escrow instructions; and c)  to obtain reliable evidence that a real estate broker pr mortgage broker was regularly licensed before paying  his/its commission.

199.   As part of Defendant Lawyers Title fiduciary duties to Plaintiff in diligent performance of the escrow agreement, Defendant Lawyers Title had a duty to Plaintiff to only pay commissions in accordance with the escrow instructions to license real estate and or mortgage brokers.

200.   Defendant Lawyers Title breached its fiduciary duty to Plaintiff by not determining whether Defendant Downey could be paid a commission under the law by not determining whether Defendant Downey was a licensed mortgage broker in California or ignoring the fact that Defendant Downey was not a licensed mortgage broker. Therefore, Defendant Lawyers Title is liable to Plaintiff for the illegal commissions paid or collected by Defendant Downey pursuant to the escrow instructions relating to Plaintiff's refinancing and loan transaction for his home and additional resulting damages as established at trial herein.

201.   In addition, Defendant Washington Mutual did not determine if its agent Defendant Historical Finance was using licensed personnel or deceptive and misrepresented assets, including deposits and deposit verifications in approving loan commitments, as to Plaintiff's damages and loss.

## COUNT X

(Breach of Contracts)

(Against Defendants Historical Finance, Lawyers Title,

Wells Fargo and Washington Mutual)

202.   Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 though 201 as though fully alleged herein.

203.   The wrongful acts of Defendants Historical Finance, Lawyers Title, Wells Fargo, and Washington Mutual their employee and or agents as stated in the claims above, breached the express and or implied agreements of said Defendants with Plaintiff, including, but not limited, the mortgage loan agreement, home equity line of credit agreement and escrow agreement.  As a result of Defendants breach of contract, Defendants are liable to Plaintiff for his special damages as will be proven at trial.

## COUNT XI

(Negligent and Intentional Actions)

(All Defendants)

204.   Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 though 203 as though fully alleged herein.

205.   Defendants individually and jointly, owe Plaintiff a duty of due care and the wrongful acts, omissions and statutory violations by Defendants, as noted in paragraphs 1 through 203 above, are a negligent wanton, grossly negligent, egregious, oppressive and or intentional breach of Defendants duty of due care that they owe to Plaintiff.

206.   As a direct and proximate result of Defendants breach of duty of due care, Plaintiff has suffered and continues to suffer general and special damages, and punitive damages, as will be established and determined at trial herein.

## COUNT XII

(Negligent and Intentional Infliction of Emotional Distress)

(All Defendants)

47

207.  Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 though 206 as though fully alleged herein.

208.  As a result of the Defendants wrongful acts and malicious, omissions and statutory violations, as noted in paragraphs 1 through 205 above, Plaintiff suffered and continues to suffer emotional distress and damages, as will be established and determined at trial herein.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants, jointly and severally, as joint -venturers, co -conspirators and agents, as follows:

A.     General damages in an amount to be determined at a trial or hearing hereof;

B.     Special damages in an amount to be determined at a trial or hearing hereof;

C.     Compensatory damages in an amount to be determined at a trial or hearing hereof;

D.     That the loan and equity line of credit be declared void and or voidable and all monies, commissions, charges, costs and fees and mortgage payments paid by Plaintiff pursuant to the refinancing be refunded to Plaintiff.

E.     Recession of the mortgage loan agreement and the home equity line of credit with Defendant Washington Mutual and reimbursement to Plaintiff for payments, fees, costs and charges paid under the rescinded agreements and the escrow agreement with Defendant Lawyers Title.

F.     Punitive and exemplary damages in an amount to be determined at a trial or hearing hereof;

G.    Statutory and treble damages allowed by law.

H.    Attorney fees and costs attendant to prosecution of this action.

I.    Pre and post judgment interest.

J.    Any and all other relief as may be deemed just and equitable by the Court.

Dated:  September 24, 2008, Orange County, California.

LAW OFFICE OF JENNIFER S. SMITH

By:_____
Attorney for Plaintiffs

WILLIAM L. PROTZMANN,
WILLIAM L. PROTZMANN, Trustee of
The WILLIAM L. PROTZMANN
TRUST, u/d/t June 1, 2006

49

CERTIFICATE OF SERVICE

I certify that the below designated parties will be served the Plaintiff's Second Amended Complaint by U.S. mail on September 24, as indicated below:

ERNSTER LAW OFFICES, P.C.
RYAN MARDEN
70 South Lake Avenue, Suite 750
Pasadena, CA 91101
Email: marden@ernsterlaw.com
Attorney for Defendant Lawyers Title Company

RICHARD B. DAVIS
Legal Department - Litigation
Washington Mutual
9200 Oakdale Avenue
Mailstop N110701
Chatsworth, CA 91311
Email: Richard.b.davis@wamu.net
Attorney for Defendant Washington Mutual Bank, FA

BARTON, KLUGMAN & OETTING, LLP
TOD V. BEEBE
350 S. Grand Ave. Suite 2200
Los Angeles, CA 90071-3485
Email: tbeebe@bkolaw.com
Attorney for Defendant Wells Fargo, N.A.

LAW OFFICES OF BRUCE B. PALLER
BRUCE B. PALLER
3639 E. Harbor Blvd., Suite 112
Ventura, CA 93001
Email: brucepaller@hotmail.com
Attorney for Defendants Historical Real Estate and Finance,
Greg Clark and Pat Downey

LAW OFFICE OF JENNIFER S. SMITH

*September 24, 2008*
*Date*

JENNIFER S. SMITH
Attorney for Plaintiffs

WILLIAM L. PROTZMANN,
WILLIAM L. PROTZMANN, Trustee of
The WILLIAM L. PROTZMANN
TRUST, u/d/t June 1, 2006

*Civil No. 08-03385 Protzmann v. Historical Finance and Real Estate, et al;*
*CERTIFICATE OF SERVICE*

51

ATTY SERV.          PAGE   12

**JENNIFER S SMITH #75602**
30251 Golden Lantern Ste E-351
Laguna Niguel CA 92677-5993

**POS-010**

Telephone No: 808-638-7283 Fax No: 800-997-2268
   Attorney for William L Protzmann /
   William L Protzmann Trust

| | *FOR COURT USE ONLY* |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Riverside
   STREET ADDRESS:   3470 12th St
   MAILING ADDRESS:   Same
   CITY AND ZIP CODE:   Riverside, Ca 92501
   BRANCH NAME:

PLAINTIFF/PETITIONER:  William L. Protzmann, et al.

DEFENDANT/RESPONDENT:  Historical Real Estate and Finance, et al.

| CASE NUMBER: |
|---|
| CV 08-03385 |

| Ref. No. or File No.: |
|---|

### PROOF OF SERVICE OF SUMMONS

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  ☑ summons
    b.  ☑ complaint
    c.  ☐ Alternative Dispute Resolution (ADR) package
    d.  ☐ Civil Case Cover Sheet *(served in complex cases only)*
    e.  ☐ cross-complaint
    f.  ☐ other *(specify documents):*
3.  a.  Party served *(specify name of party as shown on documents served):*
    Pat Downey

    b.  ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4.  Address where the party was served:
    1937 Goodyear Ave #705 Ventura, Ca 93003
5.  I served the party *(check proper box)*
    a.  ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
         receive service of process for the party  (1) on *(date):* 05/29/08        (2) at *(time):*   4:10pm
    b.  ☐ **by substituted service.** On *(date):*                    at *(time):*         I left the documents listed in item 2 with or
         in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
             of the person to be served. I informed him or her of the general nature of the papers.
        (2)  ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
             place of abode of the party. I informed him or her of the general nature of the papers.
        (3)  ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
             address of the person to be served, other than a United States Postal Service post office box. I informed
             him or her of the general nature of the papers.
        (4)  ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
             at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
             *(date):*          from *(city):*               or ☐ a declaration of mailing is attached.
        (5)  ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
American LegalNet, Inc.
www.FormsWorkflow.com



| PLAINTIFF/PETITIONER: William L. Protzmann, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Historical Real Estate and Finance, et al. | CV 08-03385 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid.

    (1) on *(date)*:                  (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                          ☐ other:

7. **Person who served papers**
  a. Name: Alfonso Albelais w/ A+ Attorney Services
  b. Address: 3730 12th St Riverside, Ca 92501
  c. Telephone number: 951-682-2388
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☑ owner  ☐ employee  ☐ independent contractor.
      (ii) Registration No.: 1071
      (iii) County: Riverside

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 5/29/08

Alfonso Albelais
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                       (SIGNATURE)

JENNIFER S SMITH #75602
30251 Golden Lantern Ste E-351
Laguna Niguel CA 92677-5993

Telephone No: 808-638-7283 Fax No: 800-997-2268
Attorney for William L Protzmann /
William L Protzmann Trust

**POS-010**

| | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 347012th St
MAILING ADDRESS: Same
CITY AND ZIP CODE: Riverside, Ca 92501
BRANCH NAME:

| PLAINTIFF/PETITIONER: William L. Protzmann | CASE NUMBER: CV 08-03385 |
|---|---|
| DEFENDANT/RESPONDENT: Historical Real Estate and Finance, et al. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      Historical Real Estate and Finance

   b. ☑ Person *(other than the party in item 3a)* served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Pat Downey-Agent for Service

4. Address where the party was served:
   1937 Goodyear Ave Ventura, Ca 93003

5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 05/29/08      (2) at *(time):* 4:10pm
   b. ☐ by substituted service. On *(date):* _____ at *(time):* _____. I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* _____ from *(city):* _____ or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: William L. Protzmann | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Historical Real Estate and Finance, et al. | CV 08-03385 |

5. c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:           (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ by other means *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify)*:
    PLAINTIFF under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. Person who served papers
  a. Name: Alfonso Albelais w/ A+ Attorney Services
  b. Address: 3730 12th St Riverside, Ca 92501
  c. Telephone number: 951-682-9933
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☑ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.: 1071
      (iii) County: Riverside

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or ☐ California sheriff or marshal.

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 05/29/08

Alfonso Albelais
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)     ▶     (SIGNATURE)

Case 9:09-bk-10860-RR    Doc 44-2    Filed 04/02/10    Entered 04/02/10 16:42:31    Desc
Part 3 of 3    Page 31 of 40
Case 2:08-cv-03389-SJO-JC   Document 19   Filed 05/22/08   Page 2 of

LAW OFFICE OF JENNIFER S. SMITH
JENNIFER S. SMITH #75602
30251 Golden Lantern Ste E-351
Laguna Niguel CA 92677-5993
Tel: 808-638-7283
E-Mail: jenniferssmith@earthlink.net

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| WILLIAM L. PROTZMANN ET AL | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | |
| v. | |
| HISTORICAL REAL ESTATE AND FINANCE ET AL | **SUMMONS** |
| DEFENDANT(S). | |

TO:    DEFENDANT(S):  HISTORICAL REAL ESTATE ET AL

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  JENNIFER S. SMITH _____, whose address is  30251 Golden Lantern Ste E-351, Laguna Niguel, CA, 92677-5993 _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: May 22, 2008 _____

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*



| 1 | Your Return Mailing Address | REGISTRAR RECORDER / COUNTY CLERK'S FILING STAMP |
|---|---|---|

Name: The Historical Real Estate Co.

Address: 1937 Goodyear Ave #205

City: Ventura   State: Ca   Zip Code 93003

```
20070830-10015418-0  1/1
Ventura County Clerk and Recorder
Philip J. Schmit
08/30/2007 12:31:03 PM
123586 $53.00 OC
```

Please TYPE or PRINT legibly in BLACK ink

| 2 | ☑ First Filing   ☐ Renewal Filing   **Check one only** |
|---|---|

### FICTITIOUS BUSINESS NAME STATEMENT

**THE FOLLOWING PERSON(S) IS (ARE) DOING BUSINESS AS:** (Attach additional pages if required)

| 3 | Fictitious Business Name(s)<br>1. The Historical Real Estate Co.<br>2. | 4 | Articles of incorporation or Organization Number / State *(if applicable)*<br>AI #/ON 77-0466239 California |
|---|---|---|---|

| 5 | Street Address, City & State, Zip Code of Principal Place of Business in California (P.O. Box or PMB address is not acceptable)<br>1937 Goodyear Ave #205 Ventura, Ca 93003 |
|---|---|

| 6 | Full name of Registrant / Corporation / Limited Liability Company  (if corporation or Limited Liability Company - incorporated in what state)<br>The Historical Real Estate + Finance Co.<br>Residence Street Address (P.O. Box not accepted) City          State          Zip Code<br>1937 Goodyear Ave #205 Ventura Ca 93003 |
|---|---|

| 7 | Full name of Registrant / Corporation / Limited Liability Company  (if corporation or Limited Liability Company - incorporated in what state)<br><br>Residence Street Address (P.O. Box not accepted) City          State          Zip Code |
|---|---|

| 8 | Full name of Registrant / Corporation / Limited Liability Company  (if corporation or Limited Liability Company - incorporated in what state)<br><br>Residence Street Address (P.O. Box not accepted) City          State          Zip Code |
|---|---|

| 9 | This Business is conducted by:<br>**(check one only)** | ( ) an individual<br>( ) co-partners<br>( ) an unincorporated association other than a partnership | ( ) a general partnership<br>( ) husband and wife<br> | ( ) joint venture<br>(☑) a corporation<br>( ) a limited liability company | ( ) a business trust<br>( ) a limited partnership<br>( ) _____ Other |
|---|---|---|---|---|---|

| 10 | ( ) The registrant commenced to transact business under the fictitious business name or names listed on (Date): _____<br>(☑) Registrant has not yet begun to transact business under the fictitious business name or names listed herein. |
|---|---|

| 11 | **I declare that all information in this statement is true and correct.**<br>**(A registrant who declares as true information which he or she knows to be false is guilty of a crime.)** |
|---|---|

| **12** Signature of Registrant(s) | **13** If Registrant is a CORPORATION or LLC, sign below |
|---|---|
| _____ _____<br>Signature       type/print name<br><br>_____ _____<br>Signature       type/print name<br><br>_____ _____<br>Signature       type/print name<br><br>_____ _____<br>Signature       type/print name | The Historical Real Estate + Fin. Co.<br>Corporation Name / Limited Liability Company<br><br>*Norma McDowney*<br>Signature<br>President<br>Title<br>*Norma Downey*<br>Type or Print Name |

This statement was filed with the County Clerk of _____ **VENTURA** _____ County on date indicated by file stamp above.

**NOTICE - THIS FICTITIOUS NAME STATEMENT EXPIRES FIVE YEARS FROM DATE IT WAS FILED IN THE OFFICE OF THE COUNTY CLERK. A NEW FICTITIOUS BUSINESS NAME STATEMENT MUST BE FILED PRIOR TO THAT DATE.** The filing of this statement does not of itself authorize the use in this state of a fictitious business name in violation of the rights of another under federal, state, or common law (See Section 14411 et seq., Business and Professions Code)

PHILIP J. SCHMIT, Ventura County Clerk / Recorder
Hall of Administration
800 South Victoria Avenue, Ventura, CA 93009-1210
PH: (805)654-3790 or (805)654-2263

FILING FEE: $53.00 for 1 FBN and 1 registrant
plus $10.00 for each additional FBN/registrant
RENEWAL FILING FEE IS SAME AS ABOVE
CCR CLK 04 rev. 04/06



# State of California
## Secretary of State

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the attached transcript of _____ page(s) was prepared by and in this office from the record on file, of which it purports to be a copy, and that it is full, true and correct.



**IN WITNESS WHEREOF,** I execute this certificate and affix the Great Seal of the State of California this day of

MAR 2 4 2010

DEBRA BOWEN
Secretary of State



# State of California
## Secretary of State

**STATEMENT OF INFORMATION**
(Domestic Stock Corporation)

60

06 - 316863

| FEES (Filing and Disclosure): $25.00. If amendment, see instructions. |
| **IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM** |

**FILED**
in the office of the Secretary of State
of the State of California

JUL 0 7 2006

This Space For Filing Use Only

1.  CORPORATE NAME (Please do not alter if name is preprinted.)

C2018252
THE HISTORICAL REAL ESTATE &
FINANCE COMPANY
1530 CALLENS RD
VENTURA CA   93003

**DUE DATE:**  09-30-06

**CALIFORNIA CORPORATE DISCLOSURE ACT** (Corporations Code section 1502.1)

A publicly traded corporation must file with the Secretary of State a Corporate Disclosure Statement (Form SI-PT) annually, within 150 days after the end of its fiscal year.  Please see reverse for additional information regarding publicly traded corporations.

**NO CHANGE STATEMENT**

2.  ☑  If there has been no change in any of the information contained in the last Statement of Information filed with the Secretary of State, check the box and proceed to Item 15.

If there have been any changes to the information contained in the last Statement of Information filed with the Secretary of State, or no statement has been previously filed, this form must be completed in its entirety.

**COMPLETE ADDRESSES FOR THE FOLLOWING** (Do not abbreviate the name of the city. Items 3 and 4 cannot be P.O. Boxes.)

| | | CITY AND STATE | | ZIP CODE |
|---|---|---|---|---|
| 3. | STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | | | |

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 4. | STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | | CA | |

**NAMES AND COMPLETE ADDRESSES OF THE FOLLOWING OFFICERS** (The corporation must have these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|---|
| 5. | CHIEF EXECUTIVE OFFICER/ | | | |
| 6. | SECRETARY/ | | | |
| 7. | CHIEF FINANCIAL OFFICER/ | | | |

**NAMES AND COMPLETE ADDRESSES OF ALL DIRECTORS, INCLUDING DIRECTORS WHO ARE ALSO OFFICERS** (The corporation must have at least one director. Attach additional pages, if necessary.)

| | | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|---|
| 8. | NAME | | | |
| 9. | NAME | | | |
| 10. | NAME | | | |

11.  NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY:

**AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and Item 13 must be completed with a California address. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 13 must be left blank.)

12.  NAME OF AGENT FOR SERVICE OF PROCESS

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 13. | ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | | CA | |

**TYPE OF BUSINESS**

14.  DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION

15.  BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| Stacy Eagle | | CEO | 070506 |
|---|---|---|---|
| TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | SIGNATURE | TITLE | DATE |

SI-200 N/C (REV 05/2005)

APPROVED BY SECRETARY OF STATE

031732S

# State of California
## Secretary of State

### STATEMENT OF INFORMATION
(Domestic Stock Corporation)

**FEES (Filing and Disclosure): $25.00. If amendment, see instructions.**

**IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

CORPORATE NAME (Please do not alter if name is preprinted)

C2018252
THE HISTORICAL REAL ESTATE &
FINANCE COMPANY
1530 CALLENS RD
VENTURA CA 93003

## FILED
in the office of the Secretary of State
of the State of California

AUG 2 2 2007

This Space For Filing Use Only

**DUE DATE: 09-30-07**

**CALIFORNIA CORPORATE DISCLOSURE ACT** (Corporations Code section 1502.1)

A publicly traded corporation must file with the Secretary of State a Corporate Disclosure Statement (Form SI-PT) annually, within 150 days after the end of its fiscal year. Please see reverse for additional information regarding publicly traded corporations.

**NO CHANGE STATEMENT**

2. ☐ If there has been no change in any of the information contained in the last Statement of Information filed with the Secretary of State, check the box and proceed to Item 15.

If there have been any changes to the information contained in the last Statement of Information filed with the Secretary of State, or no statement has been previously filed, this form must be completed in its entirety.

**COMPLETE ADDRESSES FOR THE FOLLOWING** (Do not abbreviate the name of the city. Items 3 and 4 cannot be P.O. Boxes.)

| | STREET ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| 3. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | 1937 Goodyear Ave #705 | Ventura, Ca | 93003 |

| | STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 4. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | 1937 Goodyear Ave #705 | Ventura | CA | 93003 |

**NAMES AND COMPLETE ADDRESSES OF THE FOLLOWING OFFICERS** (The corporation must have these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|---|
| 5. CHIEF EXECUTIVE OFFICER/ | Stacy Eagle | 1937 Goodyear Ave #705 | Ventura Ca | 93003 |
| 6. SECRETARY/ | Stacy Eagle | 1937 Goodyear Ave #705 | Ventura, Ca. | 93003 |
| 7. CHIEF FINANCIAL OFFICER/ | Norma Downey | 1937 Goodyear Ave #705 | Ventura Ca | 93003 |

**NAMES AND COMPLETE ADDRESSES OF ALL DIRECTORS, INCLUDING DIRECTORS WHO ARE ALSO OFFICERS** (The corporation must have at least one director. Attach additional pages, if necessary.)

| | NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|---|
| 8. NAME | Greg Clark | 1937 Goodyear Ave #705 | Ventura, Ca | 93003 |
| 9. NAME | | | | |
| 10. NAME | | | | |

11. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY:

**AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and Item 13 must be completed with a California address. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 13 must be left blank.)

12. NAME OF AGENT FOR SERVICE OF PROCESS
Greg Clark

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 13. ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | 1937 Goodyear Ave #705 | Ventura | CA | 93003 |

**TYPE OF BUSINESS**

14. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION   Real Estate - Finance - Buy Sell Fix

15. BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| | | | |
|---|---|---|---|
| TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM   Stacy Eagle | SIGNATURE | TITLE  CEO | DATE  8-08-07 |

SI-200 N/C (REV 07/2006)

APPROVED BY SECRETARY OF STATE

033061S

$ 26.00

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

Filer's Name: ~~PATRICK MICHAEL DOWNEY~~

Atty Name (if applicable): _____

Street Address: 1698 ROBIN AVE. _____

CA Bar No. (if applicable): _____

VENTURA, CA. 93003 _____

Atty Fax No. (if applicable): _____

Filer's Telephone No.: 805-639-0983 _____

```
FILED
JUL 2 8 2009
CLERK'S BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk
```

In re: PATRICK MICHAEL DOWNEY
NORMA MARIE DOWNEY

Case No.: 09-10860

Chapter 7 _____ 11 _____ XXXXXX 13 _____

## AMENDED SCHEDULE(S) AND/OR STATEMENT(S)

A filing fee of $26.00 is required to amend any or all of Schedules "D" through "F." An addendum mailing list is also required as an attachment if creditors are being added to the creditors list. Is/are creditor(s) being added?     Yes   XXXXX     No _____

Indicate below which schedule(s) and/or statement(s) is(are) being amended.

A _____   B xxxxx   C _____   D _____   E _____   F _____   G _____   H _____   I _____   J _____

Statement of Social Security Number(s) _____     Statement of Financial Affairs _____

Statement of Intention _____     Other xxxxx

**NOTE:** IT IS THE RESPONSIBILITY OF THE DEBTOR TO MAIL COPIES OF ALL AMENDMENTS TO THE TRUSTEE AND TO NOTICE ALL CREDITORS LISTED IN THE AMENDED SCHEDULE(S) AND TO COMPLETE AND FILE WITH THE COURT THE PROOF OF SERVICE ON THE BACK OF THIS PAGE.

I/We, PATRICK & Norma Downey _____, the person(s) who subscribed to the foregoing Amended Schedule(s) and/or Statement(s) do hereby declare under penalty of perjury that the foregoing is true and correct.

DATED: 07/27/2009 _____

_Debtor Signature_

_Co-Debtor Signature_     **SEE REVERSE SIDE**

**FOR COURT USE ONLY**

B-1008 _Revised November 2003_

E

B 4 (Official Form 4) (12/07)

# UNITED STATES BANKRUPTCY COURT

## Central District of California

In re  Patrick Michael Downey                   ,
                        Debtor

Case No.  09-10860

Chapter  11

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff*      *state value of* | *Amount of claim [if secured also state value of security]* |
| Richard & Jolanta Markowicz | John C. Torjeson 812 N. Supulveda Blvd 2nd FLoor. L.A. Ca. 90049 310-440-0005 Bar No. 141664 | Law suite | Disputed | unspecified |

Date: 07/23/2009

Debtor

*[Declaration as in Form 2]*

B 4 (Official Form 4) (12/07)

# UNITED STATES BANKRUPTCY COURT

## Central District of California

In re  Patrick Michael Downey _____ ,                Case No.  09-10860 _____
                    Debtor

                                                        Chapter  11 _____

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| William L. Protzman | Jennifer S. Smith 30251 Golden Lantern suite E-351, Laguna Niguel, Ca. 92677-5933 800-636-7283 | Law suit | disputed | unspecified |

Date: 07/23/2009 _____                    _____
                                                            Debtor

*[Declaration as in Form 2]*

# MAILING LIST

The law Office of Jennifer S. Smith
30251 Golden Lantern, Ste. E-351
Laguna Niguel, Ca. 92677-5933
800-638-7283
Case number CV08-03385 SJO (JCX)

John C. Torjesen Bar No. 141664
John C. Torjesen & Associates, PC
812 N. Sapulveda Blvd., 2nd Floor
Los Angeles, Ca. 90049
310-440-0005
Case number BC418153

## PROOF OF SERVICE

I hereby certify that a copy of the Amendment(s) was(were) mailed to the Trustee and that notice was given to the additional creditors listed.

DATED: _7/27/09_

_Patrich Michael Downey_
Print or Type Name

_[signature]_
Signature

(SEE ATTACHED MAILING LIST.)

B-1008 *Revised November 2003*