Stephen E. Penner    SBN 74895
Attorney at Law
1215 De La Vina St., Ste. K
Santa Barbara, CA 93101
Telephone: (805) 965-0085

Co-counsel for Creditor William L. Protzmann

FILED
APR 02 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

In re:

PATRICK MICHAEL DOWNEY
and NORMA MARIE DOWNEY,

Debtors, Respondents.

WILLIAM L. PROTZMANN,

Creditor, Movant.

United States Trustee.

Chapter 11
Case No. 9:09-bk-10860-RR

POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR RELIEF FROM THE
AUTOMATIC STAY FILED BY CREDITOR
WILLIAM L. PROTZMANN

Hearing date:    May 6, 2010
Time:            10:30 a.m.
Courtroom:       201
Floor:           2nd

To:    PATRICK MICHAEL DOWNEY and NORMA MARIE DOWNEY, Debtors in pro se, and to the Chapter 11 United States Trustee:

Following are Points & Authorities in support of the Motion for Relief from the Automatic Stay filed by creditor WILLIAM L. PROTZMANN, an unsecured creditor listed as one of the creditors holding 20 largest unsecured claims, per debtors' amended Schedule B filed on July 28, 2009.

///

///

///

POINTS & AUTHOR. IN SUPPORT OF MOTION FOR RELIEF FROM STAY - Page 1

1. **"ON REQUEST OF A PARTY IN INTEREST AND AFTER NOTICE AND A HEARING, THE COURT SHALL GRANT RELIEF FROM THE STAY PROVIDED BY SUBSECTION (A) OF THIS SECTION (11 USC § 362), SUCH AS BY TERMINATING ANNULLING, MODIFYING OR CONDITIONING SUCH STAY (1) FOR CAUSE ..."**

A debtor may not use the Bankruptcy Court for an improper purpose. 11 USC § 362(d)(1) is the "better way to deal with a debtor who is improperly using bankruptcy as a refuge from the jurisdiction of another court", than the remedy in a cause provision under 11 § USC 707(a). In re Sherman (9th Cir. 2007) 491 F3d 948, 970-972. The Sherman Court distinguished "cause" for dismissal under 11 § USC 707(a) from the "cause" for relief from stay under 11 § USC 302(d)(1).

In this action, termination of the stay as to both debtors is sought for cause, as more particularly set forth in the following points and authorities.

2. **IF A DISPUTE BEING LITIGATED IN A NON-BANKRUPTCY COURT IS ONLY TANGENTIALLY RELATED TO THE BANKRUPTCY CASE, A BANKRUPTCY COURT MAY, AND SOMETIMES MUST, ABSTAIN FROM HEARING THE DISPUTE IN THE BANKRUPTCY MATTER.**

In re Tucson Estates, Inc. (9th Cir. 1990) 912 F2d 1162, 1169. The Court in Tucson lifted the stay, reversing the Bankruptcy Court's denial of relief, and allowed a state Court action to proceed. When parties file bankruptcy on the eve of a trial in a non-bankruptcy court, the stay may be lifted to resolve issues in the other court which are essential to the bankruptcy estate. In Tucson, supra, the Circuit Court reversed a Bankruptcy Court order denying relief.

In the present case, a complaint against debtor Patrick DOWNEY, a real estate corporation he worked for of which his wife is president (The Historical Real Estate & Finance Co., hereinafter "Historical Finance"), one of the corporation's employees, a title company, and several banks, all involved in an underlying real estate loan obtained

through fraud, and bank fraud, was filed by creditor PROTZMANN on May 22, 2008 in United States District Court, Central District of California, Case No. CV 08-3385. The creditor has only recently learned that Debtor NORMA MARIE DOWNEY is the President of corporation Historical Finance per Fictitious Business Name Statement she signed and filed in Ventura County, California on 8/30/07, per **Exhibit "D"**, a true and correct copy (certified with original) is attached to the within Motion. This FBN Statement shows a business address of 1937 Goodyear Ave., #705, Ventura, CA 93003.

It should also be noted that prior to this filing, another Fictitious Business Name Statement under the same name "The Historical Real Estate and Finance Company", was filed in 1997, in which the registrant was a Stacy A. Cole, doing business as an individual, who signed the statement. It listed a business address of 2843 E. Main St., Ventura, CA 93003. Stacy A. Cole is believed to be the same person as Stacy Eagle, the daughter of the debtors.

**3. THE PRESENT CONDITIONS OF BOTH THE U.S. DISTRICT COURT CASE AND THIS BANKRUPTCY CASE INDICATE THAT LIFTING THE BANKRUPTCY STAY TO ALLOW THE DISTRICT COURT CASE TO PROCEED TO TRIAL FIRST WOULD BE IN ORDER PURSUANT TO THE FACTORS CONSIDERED BY MANY BANKRUPTCY COURTS.**

The major factors include:

1. <u>Complete Resolution</u>. Lifting the stay will result in complete resolution of the issues raised in the District Court.

A great deal of the District Court case concerns fraud practiced upon Mr. PROTZMANN by Debtor PATRICK DOWNEY, and other employees of corporation Historical Finance; and, considering that the Debtors' Petition does not even mention in their Schedule B this real estate corporation which Mr. DOWNEY worked for, and of which Mrs. DOWNEY was President, although the address of Mr. DOWNEY's

employment stated in their Schedule I is the same 1937 Goodyear Ave., Ste. 705, Ventura, CA 93003 listed on the FBN Statement (**Exhibit "D"**); it appears that their Statement of Financial Affairs filed with their Petition is, at the very least, questionable insofar as "in business" is considered.

2. <u>The degree of connection</u> or interference between the debtors' bankruptcy case and the District Court case is negligible.

Considering that the debtors did not even list the District Court case in their Statement of Financial Affairs, item 4 a, although the District Court case was filed on May 22, 2008, Debtor PATRICK DOWNEY, a named defendant therein, had been served with same on May 29, 2008, and the Debtors had filed this Bankruptcy on March 16, 2009, and amended their Schedule B to include Creditor PROTZMANN on July 28, 2009, it appears that the debtors are trying to hide both their corporate interest and the District Court suit from this Court. They certainly had the opportunity to advise this Court of the corporate interest and of the District Court suit when they filed their 7/28/09 Amended Schedule B. Thus, it seems that the Debtors have determined that the outcome of the District Court suit is not suitable for determination by this Bankruptcy Court, and furthermore, that they have acquiesced to continued jurisdiction of the District Court.

3. <u>District Court Case Involves Fiduciary Capacity of Debtor</u>. It appears that Debtor PATRICK DOWNEY was acting in a fiduciary capacity at the time of his fraudulent conduct alleged in the District Court case.

The Complaint alleges Debtor PATRICK DOWNEY represented creditor PROTZMANN as a mortgage broker (albeit an unlicensed broker), although documents he prepared in the underlying loan application he handled through his company for Creditor PROTZMANN may show some conflict regarding his agency.

4. <u>Insurance Coverage Available to Debtor</u>. There does not appear to be any insurance covering the debtors' liability to Creditor PROTZMANN in either action.

5. <u>Involvement of Third Parties</u>. The District Court action involves third parties who are

necessary witnesses as well as named defendants.

One Defendant to the District Court action is an employee of the corporation, Greg Clark, one is the corporation itself, and one is Dawn Hogan, an employee of Lawyer's Title Co. The Defendants WELLS FARGO and LAWYERS TITLE have been dismissed due to technicalities. Defendant WASHINGTON MUTUAL was taken over by the FDIC which sold all of WAMU's assets to JP MORGAN CHASE under an agreement to forgive or severely limit all of WAMU's liability to anyone.

Creditor PROTZMANN also seeks relief from the automatic stay involving both Debtors DOWNEY in order to seek leave to amend the District Court case to name Debtor NORMA MARIE DOWNEY as an individual defendant due to her role as President of Historical Finance, and also to name as an individual defendant one Maricela Santana, an employee of Wells Fargo Bank who was a principal player in the real estate and bank fraud which took place.

6. <u>Prejudice to Other Creditors.</u>  Allowing relief from the stay would not prejudice other creditors' interests in the Bankruptcy case.

Secured Creditor JP Morgan Chase Bank, successor to WAMU, has already received relief from the automatic stay per order entered herein 11/19/09. Debtors claim about $3,400,000 in assets, $3,245,556 in secured claims, and unsecured non-priority claims of $146,400. There does not appear to be any assets left to pay any unsecured creditor, much less Mr. PROTZMANN, if the debtor's schedules are reliable. Thus, according to the debtors' own schedules, no prejudice should result in allowing relief from the stay so that Creditor PROTZMANN can go forward with his action.

7. <u>Judicial Lien Avoidable?</u>  Inasmuch as the debtors have not listed their interests in the defendant corporation in any of their schedules, it is unknown if any District Court Judgment would result in a judicial lien avoidable by the debtors in this case.

8. <u>Judicial economy</u> should favor relief from the stay so that complex issues involved in the District Court case may be resolved first; these issues include conspiracy, bank fraud by mail, wire, and electronic transfer, lender fraud, and possible criminal

violations. Plaintiff PROTZMANN has many witnesses to call and subpoena regarding the conduct which took place, in addition to subpoenaing documents. The witnesses are in Riverside, Orange and Ventura Counties and are more amenable to subpoena in the U.S. District Court. Oral testimony will be required as many of the transactions involve inter-net transfers which leave little paper evidence.

8. <u>Parties will be ready for trial</u>. The parties to the District Court case will be ready for trial as soon as discovery is responded to by named defendants served with same.

9. <u>No insurance coverage is known</u>. Inasmuch as there appears to be no insurance coverage for Mr. PROTZMANN's claims against the debtors, having the underlying fraud action concluded in U.S. District Court rather than this Bankruptcy Court should work no hardship on the debtors insofar as litigation costs are concerned; in fact, the cost of subpoenaing witnesses to the District Court in Los Angeles should be lower than having them come to Santa Barbara.

**4.    THE FACT THAT A DEBTOR HAS NO LIABILITY INSURANCE AND WILL INCUR COSTS IN DEFENDING A NON-BANKRUPTCY COURT SUIT WHICH MAY DEPLETE THE BANKRUPTCY ESTATE IS NOT THE ONLY FACTOR SUFFICIENT TO DENY RELIEF FROM STAY.**

<u>In re Santa Clara County Fair Ass'n, Inc</u>. (9th Cir. BAP. 1995) 180 B.R. 564, 566. Also, forcing Mr. PROTZMANN to proceed against the debtors in this Bankruptcy proceeding, and at the same time proceed against non-debtor defendants in the District Court case would work a greater injustice to Plaintiff PROTZMANN who would have to subpoena the same witnesses to both courts. See <u>In re Hoffman</u> (BC WD OK 1983) 33 BR 937, 941, in which the Bankruptcy Court modified the stay to allow the other court action to conclude. See also <u>In re Hakim</u>, BC ND CA 1997) 212 BR 632, 639-640, involving international litigation in which the Bankruptcy Court modified the stay to allow litigation in either a Swiss Court or U.S. District Court to avoid piecemeal litigation.

POINTS & AUTHOR. IN SUPPORT OF MOTION FOR RELIEF FROM STAY - Page 6

5. **THE FACTOR OF PRESERVING WITNESS TESTIMONY OF NON-DEBTOR WITNESSES SHOULD BE CONSIDERED IN RULING ON A STAY TO ALLOW A NON-BANKRUPTCY ACTION TO CONTINUE.**

In re Westwood Broadcasting, Inc. (BC D HI 1983) 35 BR 47, 49. The cost of having testimony of witnesses preserved through depositions, and the factor of fading memories, must be considered in not allowing Mr. PROTZMANN to proceed against ALL parties in the District Court case.

6. **AN UNSECURED CREDITOR MAY MOVE FOR RELIEF FROM SAY IF THEY ARE IN PRE-PETITION LITIGATION WITH THE DEBTOR.**

In re Blan (8th Cir. BAP 1999) 237 BR 737, 739.

This fact is clear from the pleadings on file with the U.S. District Court.

7. **WHEN A DEBTOR DEFENDANT IS AN INDISPENSABLE PARTY TO A NON-BANKRUPTCY SUIT, IT WOULD WORK AN INJUSTICE ON THE PLAINTIFF TO FORCE PLAINTIFF TO PROCEED IN THE NON-BANKRUPTCY ACTION WITHOUT HIM.**

In the instant case, Debtor Patrick Downey had been served with process in the District Court action on May 29, 2008. His participation and testimony in that action will be indispensable inasmuch as much of the key documentary evidence may be deemed inadmissible in that action without his identifying and admitting to same.

8. **THE CLAIM FILED HEREIN BY THE PLAINTIFF IN THE NON-BANKRUPTCY ACTION IS NON-DISCHARGEABLE AS IT IS BASED UPON MAIL, WIRE, AND BANK FRAUD, AS WELL AS RICO VIOLATIONS, FRAUDULENT MISREPRESENTATION, AND BREACHES OF FIDUCIARY DUTIES, AMONG OTHERS, CHARGED AGAINST DEBTOR PATRICK DOWNEY.**

11 § USC 523(a).

The nondischargeability of the claim filed by Plaintiff PROTZMANN against the DOWNEYs in this Bankruptcy action may justify cause for lifting the automatic stay, Acevedo v. Van Dorn Plastic Machinery Co. (BC ED NY 1986) 68 BR 495, 498. The Proof of Claim filed by Mr. PROTZMANN against the debtors in the amount of $500,000 was alleged to be based upon predatory lending and fraud. Taken with the allegations in his Complaint in the District Court case, Mr. PROTZMANN has stated a case for fraud, false misrepresentation, etc. upon which Mr. PROTZMANN relied to his detriment, and said false representation included statements by Debtor DOWNEY as to his being a licensed mortgage broker in this State, and the Debtor's use of funds in setting up a bogus bank account in Mr. PROTZMANN's name, causing funds to be deposited into that account, either transferring the funds into Mr. PROTZMANN's personal account, and then threatening him with theft if he did not do everything the Debtor demanded of him, including authorizing cashier's checks payable to the Debtor from his personal account, and modifying Mr. PROTZMANN's home loan application by inserting false income data without the applicant's knowledge or consent, all while the Debtor was allegedly representing Mr. PROTZMANN as his mortgage broker.

It is clear that these allegations alone, if proved at trial, will prevent discharge of Mr. PROTZMANN's claim under 11 § USC 523(a)(2)(A)(B)(c), (4) and (6).

**9. THE DEBTORS HAVE FILED A BAD-FAITH BANKRUPTCY WHICH MAY BE CAUSE FOR GRANTING RELIEF.**

Matter of Little Creek Develop. Co. (5th Cir. 1986) 779 F2d 1068, 1072.

In the present case, although Debtor PATRICK DOWNEY was served with the non-bankruptcy action on May 29, 2008, he did not even list or refer to Mr. PROTZMANN as a creditor in his original Bankruptcy filed on March 16, 2009, but amended his Petition to add Mr. PROTZMANN as an unsecured creditor on July 28, 2009, with the amount owed unspecified. The Debtors did not list the U.S. District Court suit anywhere in their Chapter 11 Bankruptcy Petition even though they had been

served with the lawsuit prior to filing said Petition. Although the suit named Defendants responsible for his damages as both Debtor PATRICK DOWNEY and HISTORICAL FINANCE, NORMA DOWNEY was later learned to be President of said corporation.

A debtor may not use the Bankruptcy Court for an improper purpose. Using the remedy under 11 § USC 362(d)(1) is the "better way to deal with a debtor who is improperly using bankruptcy as a refuge from the jurisdiction of another court" than the remedy in a cause provision under 11 § USC 707(a). In re Sherman (9th Cir. 2007) 491 F3d 948, 970-972. The Sherman Court distinguished "cause" for dismissal under 11 § USC 707(a) from the "cause" for relief from stay under 11 § USC 362(d)(1).

9. **CREDITORS MAY OBTAIN RELIEF FROM THE "CO-DEBTOR STAY" UNDER 11 USC § 1301; THUS, RELIEF AS TO BOTH DEBTORS IS SOUGHT HEREIN.**

Debtor NORMA MARIE DOWNEY is a co-debtor herein, along with her husband PATRICK MICHAEL DOWNEY. Presently, the US District Court suit does not specifically name Mrs. DOWNEY as a party defendant inasmuch as her involvement with named Defendant corporation HISTORICAL REAL ESTATE AND FINANCE CO. was unknown until mid-February, 2010. Records recently discovered reveal that she is the President and actively involved in that real estate corporation which was the conduit through which Plaintiff PROTZMANN was deceived and defrauded, which fraud has left him in danger of losing his home to foreclosure.

In order to establish relief from the co-debtor stay, the moving party must show either:

1) To the extent that co-debtor actually received consideration for the creditor's claim; or

2) The debtor's plan does not provide for payment of the creditor's claim; or

3) The creditor's interest would be irreparably harmed by continuation of the stay.

1 - Inasmuch as NORMA MARIE DOWNEY (hereinafter "Mrs. DOWNEY") was and is

1  the alleged President of Defendant HISTORICAL FINANCE, the corporation through
2  which Mr. DOWNEY worked and represented Mr. PROTZMANN, she is presumed to
3  have received or had access to any funds received by that corporation, or her husband,
4  as the result of the fraudulent lending practices performed by Mr. DOWNEY and the
5  corporation against Mr. PROTZMANN.
6  2- No Plan has been provided to Creditor PROTZMANN or his counsel of record to
7  date.
8  3- Mr. PROTZMANN's interests would be irreparably harmed by continuation of the stay
9  as to Mrs. DOWNEY.  Commencing in 2004 through 2006, Mr. DOWNEY routinely
10 placed title to all interests in real property in Ventura County owned by himself into the
11 name of Mrs. DOWNEY after his original conviction for mortgage fraud on June 13,
12 1996.  It is unknown who has control of the stock in HISTORICAL FINANCE; however,
13 Mrs. DOWNEY, as President, is presumed to have a substantial interest.  The
14 Debtor/Defendants have not answered discovery in the U.S. District Court action, and
15 Plaintiff is prevented from filing any enforcement motions because of the stay.
16         Relief as to a co-debtor is mandatory where the required factual showing is
17 made as to at least one of the above three grounds.  In re Laska (BC ND OH 1982) 20
18 BR 675, 676.  Irreparable harm is alleged above.
19         Creditors may obtain relief from the "co-debtor stay" under 11 § USC 1301 if the
20 debtor's plan does not provide for payments of the creditor's claim, to the extent that
21 the co-debtor (Norma) actually received consideration for the claim, and if the creditor's
22 interest would be irreparably harmed by continuation of the stay.
23         It is submitted that Mrs. DOWNEY's involvement in the real estate corporation
24 which was instrumental in defrauding Mr. PROTZMANN has been shown; this was the
25 corporation through which Mr. DOWNEY was employed as an unlicenced real estate
26 broker, facts which Mrs. DOWNEY either knew or should have known.
27 ///
28 ///

Case 9:09-bk-10860-RR    Doc 45    Filed 04/02/10    Entered 04/02/10 16:46:23    Desc
Main Document    Page 11 of 13

## CONCLUSION

For the above reasons and authorities, and pursuant to the facts alleged in the foregoing Declaration of Creditor PROTZMANN, the Motion for Relief of Automatic Stay benefitting both PATRICK MICHAEL DOWNEY and NORMA MARIE DOWNEY should be lifted in its entirety in order that the U.S. District Court case against the Debtors and others may be concluded before this Chapter 13 Bankruptcy case is concluded.

Alternatively, relief is sought by way of modification of the stay to allow the U.S. District Court case to be amended to include new defendants, and brought to a conclusion, either through trial or settlement.

Inasmuch as no Plan has been provided to date, this should not work a hardship on the Debtors.

Dated: March 31, 2010                                  Respectfully submitted,

                                                       _____
                                                       STEPHEN E. PENNER, co-counsel for
                                                       Movant Creditor WILLIAM L.
                                                       PROTZMANN

POINTS & AUTHOR. IN SUPPORT OF MOTION FOR RELIEF FROM STAY - Page 11

| In re:<br>Patrick Michael Downey<br>Norma Marie Downey<br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER: 9:09-bk-10860-RR |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1215 De La Vina Street, Suite "K"
Santa Barbara, California 93101

A true and correct copy of the foregoing document described as <u>Points And Authorities In Support Of Motion For Relief From The Automatic Stay Filed By Creditor William L. Protzmann</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On ___4/2/10___ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/2/10 | Federico Campo | *(signed)* Federico Campo |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                              F 9013-3.1

SERVICE LIST

Patrick Michael Downey
1698 Robin Ave.
Ventura, CA 93003

Norma Marie Downey
1698 Robin Ave.
Ventura, CA 93003

U.S. Trustee
United States Trustee (ND)
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367


U.S. Trustee
Office of the U.S. Trustee
128 E. Carrillo Street
Santa Barbara, CA 93101